UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
YESH DIAMONDS, INC.,

                 Appellant,

           -against-

WISE K. YASHAYA,

                 Appellee.
------------------------------------------------------------------ x

**MEMORANDUM & ORDER**
09-CV-2016 (DLI) (RER)

**DORA L. IRIZARRY, United States District Judge:**

Appellant Yesh Diamonds, Inc. ("Yesh") appeals an Order of the United States Bankruptcy Court for the Eastern District of New York, dated March 31, 2009 (the "Order"), in which the court dismissed Yesh's adversary complaint against Wise K. Yashaya ("Yashaya"). For the following reasons, the Order of the Bankruptcy Court is affirmed.

**I.    Background**

On January 21, 2008, Yashaya filed a voluntary petition under Chapter 7 of the Bankruptcy Code. (Pl. Br. 5-6.) Pursuant to Federal Rules of Bankruptcy Procedure 4004 and 4007, April 14, 2008 was initially set as the date by which a complaint objecting to the Yashaya's discharge or to the dischargeability of a debt needed to be filed. (*Id.* at 6.) On March 6, 2008, Yesh filed a proof of claim against Yashaya's estate. (*Id.*) While engaging in settlement discussions, counsel for the Yesh and Yashaya entered into a series of three stipulations extending the time to file a complaint objecting to the Yashaya's discharge or to the dischargeability of a debt. (*Id.* at 6-7.) The third stipulation is relevant to this appeal. For the third stipulation, Yesh's counsel drafted the stipulation to extend the time to file a complaint objecting to the dischargeability of a debt to May 19, 2008, and sent it to Yashaya's counsel for

execution. (*Id.* at 3,7.) Yashaya's counsel changed the date to May 12, 2008, signed the stipulation and sent it back to Yesh's counsel. (*Id.*) Yesh's counsel filed the stipulation. (Pl. Br. Ex. 16, at 2.) On May 12, 2008, Yesh's counsel was unable to file its complaint through the ECF system because he "encountered some problems with the ECF filing." (Pl. Br. 7.) Yesh's counsel had lost the credit card that was on file with the ECF system, and when he replaced the card, he did not update the credit card information in the ECF system. (*Id.*) Therefore, on May 12, 2008, after he was unable to file the complaint on ECF, Yesh's counsel prepared and mailed a hard copy of the filing. (*Id.* at 3, 7.) The Bankruptcy Court received the complaint on May 13, 2008. (*Id.* at 7-8.)

On October 24, 2008, Yashara moved to dismiss the adversary proceeding, arguing that, (1) although Yashara's counsel was served, the complaint was not properly served upon Yashara and (2) the court lacked jurisdiction over the action because the complaint was not timely filed. (Pl. Br. 8 & Ex. 9.) The Bankruptcy Court held that Yashara was not properly served, and, even if that issue could be resolved, the complaint was nevertheless untimely. (Pl. Br. Ex. 16.) The Bankruptcy Court therefore dismissed the action. (*Id.*) This appeal followed. Yashara has not filed any opposition to the appeal.

**II.    Standard of Review**

District courts are vested with appellate jurisdiction over final judgments, orders, and decrees of the bankruptcy court under 28 U.S.C. § 158(a)(1). Rule 8013 of the Rules of Bankruptcy Procedure provides that a "district court . . . may affirm, modify or reverse a bankruptcy court's judgment, or order or decree and remand with instructions for further proceedings." A district court reviews a bankruptcy court's findings of fact for clear error

and its conclusions of law *de novo*. *In re Bayshore Wire Prods. Corp.*, 209 F.3d 100, 103 (2d Cir. 2000).

   III.   **Discussion**

      A.   **The Bankruptcy Court Did Not Err in Holding That Equitable Tolling and Equitable Estoppel Do Not Apply**

Yesh argues that the Bankruptcy Court erred by not applying the doctrines of equitable tolling and equitable estoppel to the statute of limitations designated by the parties pursuant to Bankruptcy Rule 4007(c). "Under the doctrine of equitable tolling, a court may, under compelling circumstances, make narrow exceptions to the statute of limitations in order 'to prevent inequity.'" *In re U.S. Lines, Inc.*, 318 F.3d 432, 436 (2d Cir. 2003) (quoting *Chao v. Russell P. Le Frois Builder, Inc.*, 291 F.3d 219, 223 (2d Cir. 2002)). The rationale behind the doctrine of equitable tolling "is that a statute of limitations does not run against a plaintiff who is unaware of his cause of action." *Cerbone v. Int'l Ladies' Garment Workers' Union*, 768 F.2d 45, 48 (2d Cir. 1985). Equitable tolling is therefore appropriate where a plaintiff has been "induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *South v. Saab Cars USA, Inc.*, 28 F.3d 9, 12 (2d Cir.1994). "However, a plaintiff's failure to act diligently is not a reason to invoke equitable tolling. Similarly, lack of due diligence on the part of plaintiff's attorney is insufficient to justify application of an equitable toll." *Id.*

"Unlike equitable tolling, which is invoked in cases where the plaintiff is ignorant of his cause of action because of the defendant's fraudulent concealment, equitable estoppel is invoked in cases where the plaintiff knew of the existence of his cause of action but the defendant's conduct caused him to delay in bringing his lawsuit." *Cerbone v. International Ladies' Garment Workers' Union*, 768 F.2d 45, 50 (2d Cir. 1985). "The rationale behind this equitable doctrine is to protect the person who brings their action after it would normally be barred because she was

'lulled' into believing that she should delay pursuing her cause of action." *In re Higgins*, 270 B.R. 147, 158 (Bkrtcy. S.D.N.Y. 2001). To invoke equitable estoppel, a plaintiff must show that: "(i) the defendant made a definite misrepresentation of fact, and had reason to believe that the plaintiff would rely on it; and (ii) the plaintiff reasonably relied on that misrepresentation to his detriment." *Kavowras v. New York Times Co.*, 328 F.3d 50, 56-57 (2d Cir. 2003) (internal quotation marks and citations omitted).

The Bankruptcy Court properly held that that the defenses of equitable tolling and equitable estoppel do not apply here. As the Bankruptcy Court noted, Yesh was the one that filed the stipulation extending the deadline to May 12, 2008, and was therefore aware of the deadline. (Pl. Br. Ex. 16, at 11.) Indeed, Yesh does not dispute that it knew that the deadline was May 12, 2008. (*See* Pl. Br. 7-8, 11.) Moreover, as the Bankruptcy Court also noted, Yesh submitted no evidence of "dishonorable tactics" by Yashara. (Pl. Br. Ex. 16, at 11.) Yesh provides only vague allegations regarding whether Yashara's counsel agreed to represent Yashara in this and other related actions. (Pl. Br. 9-10.) None of these allegations indicate any acts that prevented Yesh from timely filing its complaint. Therefore, the doctrines of equitable tolling and equitable estoppel are inapplicable. *See Saab Cars*, 28 F.3d at 12 (equitable tolling does not extend to what "'is at best a garden variety claim of excusable neglect'" (citation omitted)); *Abbas v. Dixon*, 480 F.3d 636, 642 (2d Cir. 2007) (tolling was not appropriate where plaintiff failed to articulate any acts by defendant that prevented him from timely commencing suit).

Yesh provides several arguments in support of its assertion that the Bankruptcy Court erred in holding that equitable tolling and equitable estoppel do not apply here. Yesh argues that "the Bankruptcy Court erred as a matter of law by finding that Bankruptcy Rule 4007(c) is

strictly jurisdictional." (Pl. Br. 14.) This argument is a blatant misrepresentation of the Bankruptcy Court's Order. In the motion to dismiss before the Bankruptcy Court, Yashara argued that, because the complaint was not timely filed, the court lacked jurisdiction over this action. The Bankruptcy Court clearly rejected this argument, stating that "this argument is not supported by controlling law in this circuit," and noting that "[b]ecause the limitations period set forth in Bankruptcy Rule 4007(c) is not jurisdictional, the Court will address the Plaintiff's arguments in support of asserting the defenses of equitable tolling and equitable estoppel." (Pl. Br. Ex. 16, at 8.) The court then provided its reasoned analysis of why the defenses did not apply. Yesh's argument is therefore meritless.

Yesh also argues that the reason the complaint was not timely filed was because its counsel was unable to file the complaint electronically, and that it should not be penalized for the errors of its counsel. (Pl. Br. 11-12.) However, Yesh's counsel waited until the eleventh hour to attempt his filing, and when he was unable to do so, he failed to bring hard copies of the complaint to the courthouse, and instead chose to mail them. As noted above, "lack of due diligence on the part of plaintiff's attorney is insufficient to justify application of an equitable toll." *Saab Cars*, 28 F.3d at 12; *see also Gassiott v. Prudential Ins. Co. Of America*, 2009 WL 3188428, at *6 (S.D.N.Y. Oct. 6, 2009); *Gallo v. Glen Cove City School Dist.*, 2009 WL 1161818, at *8 n.11 (E.D.N.Y. Apr. 29, 2009).

Yesh further argues that Yashara waited to raise the issue of the late filing and thus would not be prejudiced by equitably tolling the statute of limitations. (Pl. Br. at 12-13, 15-16.) However, as the Bankruptcy Court correctly noted, "[a]lthough absence of prejudice is a factor to be considered in determining whether the doctrine of equitable tolling should apply once a factor that might justify such tolling is identified, it is not an independent basis for invoking the

5

doctrine and sanctioning deviations from established procedures." *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152, 104 S.Ct. 1723, 1726 (1984). Therefore, because there is no independent basis for applying equitable tolling or equitable estoppel, the lack of prejudice is not a sufficient basis for extending the deadline.

Yesh also cites *In re Romaniello*, 265 B.R. 349, 350 (D. Conn. 2001)[1] in support of its argument that the court should consider prejudice to the adversary. (Pl. Br. 12.) In *Romaniello*, the appellant failed to file his appeal brief on time, and the court held that "dismissal of the appeal, although within the Court's discretion, is not warranted." *Romaniello*, 265 B.R. at 350. Although dismissal was not warranted in the particular circumstances presented in *Romaniello*, as the court noted, it is also within the court's discretion not to permit the untimely filing. 265 B.R. at 352. Here, Yesh has provided no compelling reason why his untimely filing should have been permitted.

Yesh also argues that the Bankruptcy Court failed to assess the totality of the circumstances. (Pl. Br. 15.) Yesh cites to several cases outside of this Circuit that interpret Section 707 of the Bankruptcy Code to permit the court, after evaluating the totality of the circumstances, to deny relief to a dishonest or non-needy debtor in order to avoid "substantial abuse." *See In re Green*, 934 F.2d 568, 570 (4th Cir. 1991); *In re Krohn*, 886 F.2d 123, 125-26 (6th Cir. 1989); *In re Walton*, 866 F.2d 981, 983 (8th Cir. 1989); *In re Kelly*, 841 F.2d 908, 914 (9th Cir. 1988). These cases, and the "substantial abuse" doctrine, are irrelevant here because the Bankruptcy Court did not rule on whether to dismiss the petition. Rather, the court dismissed

---

[1] Yesh provided only the name and civil docket number of the citation, without indicating the jurisdiction or whether the case was published or unpublished. The court believes it has obtained the case Yesh was intending to cite, although it cautions counsel that case citations should contain all necessary indentifying information.

Yesh's adversary complaint. Regardless, even considering the totality of the circumstances, as described above, Yesh has provided no basis for extending the statute of limitations.

Finally, Yesh argues that it is against public policy for it to be bound by the May 12, 2008 date, while the trustee had until June 13, 2008 to file an adversary action. (Pl. Br. 16.) However, Yesh agreed to the May 12, 2008 date, and, therefore, now cannot argue that the date was unacceptable merely because it failed to file its complaint in a timely fashion.

Based on the foregoing, Yesh has failed to provide any basis for modifying or reversing the Bankruptcy Court's decision. The Bankruptcy Court properly determined that the doctrines of equitable tolling and equitable estoppel do not apply here. Yesh's appeal is dismissed on this ground.

### B. The Bankruptcy Court Did Not Err in Holding that Section 105 of the Bankruptcy Code Did Not Apply

Yesh also mentions in passing that the Bankruptcy Court erred in holding that Section 105 of the Bankruptcy Code, which permits the court to issue an order that is necessary or appropriate to carry out the bankruptcy provisions, does not apply to the facts here. (Pl. Br. 2.) Although Yesh does not explain this argument, or cite any case law in support, the court addresses it for the sake of completeness. Section 105(a) permits the court to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 105 "'must and can only be exercised within the confines of the Bankruptcy Code.' The bankruptcy court's equitable powers cannot be exercised in derogation of other sections of the Bankruptcy Code." *In re Ionosphere Clubs, Inc*., 922 F.2d 984, 995 (2d Cir. 1990) (quoting *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206 (1988)). Therefore, the Bankruptcy Court properly held that the court cannot use Section 105 to grant Yesh's request for an extension of the applicable limitations period, as determined in accordance with the

7

Bankruptcy Code and Bankruptcy Rules. *See, e.g.*, *In re Ryan*, 408 B.R. 143, 160 (Bkrtcy. N.D. Ill. 2009) (declining to utilize § 105(a) as an avenue around Bankruptcy Rule 4007(c) to "allow what would otherwise be an untimely complaint to stand as timely").

## Conclusion

For the foregoing reasons, Yesh's appeal is dismissed and the Bankruptcy Court's Order is affirmed.

SO ORDERED.

Dated: Brooklyn, New York
September 27, 2010

/s/
DORA L. IRIZARRY
United States District Judge